## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JIMMY D. SETTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:13-cv-02606-EFM-GLR |
| | ) |
| DIVERSIFIED CONSULTANTS INC., | ) |
| KENNETH SANCHEZ, DANIEL DOE, | ) |
| SARAH DOE, and DAVID DOE, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT DIVERSIFIED CONSULTANTS, INC.'S ANSWER

COMES NOW Defendant Diversified Consultants, Inc. ("Diversified"), by and through its attorneys of record, and for its answer to the Petition for Damages filed by the Plaintiff (Doc. #1-1, pp. 2-11, "Complaint"), denies each and every allegation therein unless hereinafter specifically admitted, and further states as follows:

1. The pleading referenced in paragraph 1 of the Complaint speaks for itself and, therefore, no response is required. Diversified denies any mischaracterization of the pleading. Paragraph 1 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Diversified denies the allegations to the extent they are inconsistent with or contrary to the statutes cited therein. Diversified admits that Plaintiff is an individual and that part of its business relates to the collection of debts. Diversified denies any factual allegations regarding its conduct in paragraph 1 of the Complaint.

2. Paragraph 2 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Diversified admits that Plaintiff is an individual. Diversified denies any remaining factual allegations in paragraph 2 of the Complaint.

OM 261840.1

3. Paragraph 3 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Diversified is without sufficient information to admit or deny the allegations in paragraph 3 and, on that basis, denies the same.

4. Paragraph 4 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Diversified admits that it regularly collects, or attempts to collect, debts owed to third parties; that during the course of its efforts to collect debts, it contacts debtors by means of correspondence and telecommunication; that its principal place of business is located at 10550 Deerwood Park Blvd., Suite 309, Jacksonville, Florida 32256; and, that it is registered to do business in the State of Kansas. Diversified denies any remaining factual allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Diversified denies the same.

6. Paragraph 6 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Diversified denies the same.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

No response is required to the first paragraph following Count I in the Complaint. To the extent a response is necessary, Diversified incorporates its responses to the preceding paragraphs.

7. Paragraph 7 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Diversified admits that it has attempted to collect a debt owed by Plaintiff, which was owed to AT&T Wireless and was, at one time, in the principal sum of

$782.30.  Diversified is without sufficient information to admit or deny the remaining allegations in paragraph 7 and, on that basis, denies the same.

8. Paragraph 8 states a legal conclusion and, therefore, no response is required.  To the extent a response is necessary, Diversified admits that an employee placed a telephone call to Plaintiff on July 24, 2013 in an attempt to collect a debt owed by Plaintiff.  Diversified denies any remaining allegations in paragraph 8 of the Complaint.

9. Diversified admits that an employee placed a telephone call to Plaintiff on July 25, 2013 in an attempt to collect a debt owed by Plaintiff.  Diversified is without sufficient information to admit or deny the remaining allegations in paragraph 9 and, on that basis, denies the same.

10. The correspondence referenced in paragraph 10 of the Complaint speaks for itself and, therefore, no response is required.  Diversified denies any mischaracterization of the correspondence.  Paragraph 10 states a legal conclusion and, therefore, no response is required.  To the extent a response is necessary, Diversified denies the allegations in paragraph 10 of the Complaint.

11. The correspondence referenced in paragraph 11 of the Complaint speaks for itself and, therefore, no response is required.  Diversified denies any mischaracterization of the correspondence.  Paragraph 11 states a legal conclusion and, therefore, no response is required.  To the extent a response is necessary, Diversified denies the allegations in paragraph 11 of the Complaint.

12. The correspondence referenced in paragraph 12 of the Complaint speaks for itself and, therefore, no response is required.  Diversified denies any mischaracterization of the

correspondence.  Diversified denies any factual allegations regarding its conduct in paragraph 12 of the Complaint.

13. Diversified denies the allegations in paragraph 13 of the Complaint.

14. The correspondence referenced in paragraph 14 of the Complaint speaks for itself and, therefore, no response is required.  Diversified denies any mischaracterization of the correspondence.  Paragraph 14 states a legal conclusion and, therefore, no response is required.  To the extent a response is necessary, Diversified denies the allegations in paragraph 14 of the Complaint.

15. Paragraph 15 states a legal conclusion and, therefore, no response is required.  To the extent a response is necessary, Diversified admits that employees placed telephone calls to Plaintiff on July 25, July 26, August 1, and August 23, 2013 in an attempt to collect a debt owed by Plaintiff.  Diversified denies the remaining allegations in paragraph 15 of the Complaint.

16. Paragraph 16 states a legal conclusion and, therefore, no response is required.  To the extent a response is necessary, Diversified admits that an employee placed a telephone call to Plaintiff on September 24, 2013 in an attempt to collect a debt owed by Plaintiff.  Diversified denies the remaining allegations in paragraph 16 of the Complaint.

17. Diversified is without sufficient information to admit or deny the allegations in paragraph 17 and, on that basis, denies the same.

18. Diversified is without sufficient information to admit or deny the allegations in paragraph 18 and, on that basis, denies the same.

19. Diversified is without sufficient information to admit or deny the allegations in paragraph 19 and, on that basis, denies the same.

20. Diversified is without sufficient information to admit or deny the allegations in paragraph 20 and, on that basis, denies the same.

21. Paragraph 21 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Diversified denies the same. Diversified denies any factual allegations regarding its conduct in paragraph 21 of the Complaint.

22. Diversified denies the allegations in paragraph 22 of the Complaint.

## *[COUNT II]*
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

No response is required to the first paragraph following Count II in the Complaint. To the extent a response is necessary, Diversified incorporates its responses to the preceding paragraphs.

23. Paragraph 23 states a legal conclusion and, therefore, no response is required. To the extent a response is necessary, Diversified denies the same. Diversified is without sufficient information to admit or deny any factual allegations in paragraph 23 and, on that basis, denies the same.

24. The statements in paragraph 24 do not require a response. To the extent a response is necessary, Diversified denies the same.

## JURY TRIAL DEMAND

Diversified acknowledges Plaintiff's right to a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

By way of further answer and/or affirmative defense to the Complaint, Diversified states as follows:

1. Plaintiff is barred from asserting any cause of action against Diversified under the doctrines of waiver, estoppel, and/or release.

2. Plaintiff has failed to state a claim against Diversified upon which relief can be granted.

3. Diversified is not a "debt collector" within the meaning of the FDCPA (15 U.S.C. § 1692a(6)).

4. Even if a violation is found, Diversified acted in good faith with reasonable grounds to believe that its actions were not in violation of law, including the FDCPA, FCRA and Kansas statutes, the actions were unintentional, and/or were the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error as defined in the FDCPA and FCRA.

5. Plaintiff's claims may be barred, in whole or in part, to the extent he failed to mitigate his damages, the existence of which Diversified specifically denies.

6. To the extent it is determined that Diversified violated any statute, which Diversified specifically denies, any award of damages or attorneys' fees would be improper because any such violation would be de minimis, inconsequential and not material.

7. Plaintiff's claims are barred to the extent he has agreed to arbitrate disputes related to this account.

8. By way of further affirmative defense, Diversified asserts any other matter constituting an avoidance or affirmative defense.

9. Diversified reserves the right to amend its answer to the Complaint to assert additional affirmative defenses as it ascertains grounds for doing so during discovery.

WHEREFORE, Diversified respectfully asks the Court to enter judgment in its favor and against Plaintiff Jimmy D. Settle, dismiss the Complaint with prejudice, award Diversified the

costs and attorneys' fees that it reasonably incurred to defend against the Complaint, and grant any other relief that the Court deems just.

Dated this 3rd day of December, 2013.

        Respectfully submitted,

        SPENCER FANE BRITT & BROWNE

        /s/ Kersten L. Holzhueter

| | |
|---|---|
| Joshua C. Dickinson | KS #20632 |
| Kersten L. Holzhueter | KS #24885 |

1000 Walnut Street, Suite 1400
Kansas City, Missouri  64106
Telephone:  (816) 474-8100
Facsimile:  (816) 474-3216
lgreathouse@spencerfane.com
kholzhueter@spencerfane.com

*Attorneys for Defendant Diversified*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2013, I electronically filed the foregoing by using the CM/ECF system which will send a notice of electronic filing.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the Plaintiff, addressed as follows:

    Jimmy D. Settle
    3125 W. 44th Terrace
    Kansas City, KS 66103

        /s/ Kersten L. Holzhueter