# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JIMMY D. SETTLE,

    *Plaintiff,*

vs.

DIVERSIFIED CONSULTANTS INC.,
KENNETH SANCHEZ, DANIEL DOE,
SARAH DOE, AND DAVID DOE,

    *Defendants.*

Case No. 2:13-cv-02606-EFM-GLR

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff's Motion to Remand (Doc. 10). Plaintiff argues that Defendant's removal should be stricken and the case remanded to the Wyandotte County District Court because (1) Defendant's Notice of Removal (Doc. 1) was not timely filed and (2) Defendant failed to comply with 28 U.S.C. 1446(b)(2)(A) because not all defendants consented to the removal action. For the reasons stated below, the Court denies Plaintiff's Motion to Remand.

### I.    Factual and Procedural Background

Jimmy Settle ("Plaintiff"), an individual residing in the state of Kansas, filed this action in the District Court of Wyandotte County on October 23, 2013.[1] Plaintiff alleges that

---

[1] Doc. 9-1, at 1.

Diversified Consultants, Inc. ("Diversified"), Kenneth Sanchez, Daniel Doe, Sarah Doe, and David Doe engaged in abusive, deceptive and unfair debt collection practices in violation of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Kansas Consumer Protection Act Chapter 50 Article 6.[2] Diversified is a debt collection agency based in Florida.[3] According to the Complaint, Sanchez is a collection manager acting on behalf of Diversified.[4] The Complaint also states that three Doe defendants, each of whom contacted Defendant in an attempt to collect debt, acted under the direction, supervision and control of Diversified.[5] Defendant Diversified was served process on October 28, 2013 and filed a notice of removal to this Court on November 26, 2013.[6] It is uncontroverted that the four other named defendants in this action did not join in or consent to the removal action. On December 9, 2013, Plaintiff filed a motion to remand, arguing that Defendant's Notice of Removal (Doc. 1) was not timely filed and failed to comply with 28 U.S.C. 1446(b)(2)(A) because not all defendants joined or consented to the removal action. Diversified has filed a response to the Motion to Remand contesting both the timeliness argument and the failure to join all defendants argument.

### III. Analysis

Plaintiff sets out two arguments in support of his Motion to Remand. Both arguments will be addressed in turn.

---

[2] Doc. 9-1, at 16–20, 44.

[3] Doc. 9-1, at 23.

[4] *Id.*

[5] Doc. 9-1, at 6, 10.

[6] Doc. 9-1, at 1.

### A. Plaintiff's Claim that Diversified's Notice of Removal Was Not Timely Is Not Supported by the Record.

A defendant desiring to remove a civil action from a state court to a federal court is required to file notice of removal within thirty days after receipt of service.[7] Plaintiff argues that "not even one defendant communicated to the court prior to the expiration of the thirty day period that any defendant had consented to the removal."[8] The record shows that Diversified was served on October 28, 2013.[9] Thirty days from October 28 was November 27. Diversified filed its notice of removal on November 26, 2013.[10] Therefore, Diversified's filing was timely.

### B. Section 1446(b)(2)(A) Does Not Render Diversified's Notice of Removal Defective Because the Other Defendants Were Not Required to Join the Filing.

Section 1446(b)(2)(A) provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Violation of this rule, commonly known as the "rule of unanimity," renders the petition for removal procedurally defective and justifies remand to state court.[11] However, "exceptions exist for the non joinder of nominal, unknown, unserved or fraudulently joined defendants."[12] Such defendants need not join in or consent to removal.[13]

---

[7] 28 U.S.C. § 1446(b)(1).

[8] Doc. 10, at 4.

[9] Doc. 9-1, at 1.

[10] Doc. 9-1, at 1.

[11] *Harlow Aircraft Mfg., Inc. v. Dayton Mach. Tool Co.*, 2005 WL 1153600, at *2 (D. Kan. May 16, 2005).

[12] *Id.*

[13] *Id.*

Plaintiff claims, and the record confirms, that defendants Kenneth Sanchez, Daniel Doe, Sarah Doe, and David Doe ("individual defendants") did not join in or consent to Diversified's Notice of Removal.[14] Plaintiff's motion argues that this constitutes a failure to comply with the rule of unanimity and therefore, the Court should remand the action.[15] Defendant Diversified contends that none of the individual defendants were required to join the removal.[16] Defendant sets forth two separate bases for its position.

**1. The Doe Defendants Qualify Under the "Unknown Defendant" Exception to the Rule of Unanimity and Are Not Required to Join Diversified's Removal Action.**

Plaintiff argues that the Doe defendants were properly served and therefore are required to join in or consent to the removal of the action. Defendants contend that the three "Doe defendants" fit under the "unknown defendants" exception to the unanimity rule.[17] This Court has recognized such an exception.[18] "The exception rests on the 'bedrock principle' that '[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.'"[19] Daniel Doe, Sarah Doe, and David Doe are all unknown defendants. Therefore, these defendants need not join or consent to Diversified's removal action for the removal to be proper.[20]

---

[14] *See* Doc. 1.

[15] Doc. 10, at 3–4.

[16] Doc. 11, at 2.

[17] Doc. 11, at 2–3.

[18] *Harlow Aircraft*, 2005 WL 1153600, at *2.

[19] *Id.* (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)).

[20] *Id.*; *see also Green v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003).

## 2. Sanchez Has Not Been Properly Served and, Therefore, He Is Not Required to Join or Consent to Diversified's Removal Action.

Under Kansas Statutes Annotated § 60-304, service of process to an individual by return receipt delivery "must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address."[21] Section 60-304 allows service of process to be sent to a defendant's place of business only under certain conditions. It reads:

> If the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address.[22]

Although section 60-304 provides specific methods of serving process, section 60-204 requires only "substantial compliance" with these methods.[23] Under 60-204,

> [s]ubstantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property.[24]

---

[21] Kan. Stat. Ann. § 60-304(a).

[22] Kan. Stat. Ann. § 60-304(a).

[23] Kan. Stat. Ann. § 60-204.

[24] *Id.*

In *Fisher v. DeCarvalho*, the Kansas Supreme Court addressed the meaning of substantial compliance within the meaning of statutory service of process requirements.[25] In *Fisher*, a patient attempted to bring a medical malpractice action against her doctor by mailing the summons and petition via certified mail to the doctor's business address.[26] Despite service not actually being made upon the doctor or the doctor's authorized agent, the doctor actually received the petition and filed an answer which included, among other affirmative defenses, an objection to the sufficiency of process.[27] The subject of the appeal was the doctor's motion to dismiss for lack of personal jurisdiction because of the patient's failure to effect a valid service of process.[28] The Court defined its task as determining whether the actions taken by the patient constituted "substantial compliance" within the meaning of section 60-204.[29]

In its analysis, the Kansas Supreme Court defined "substantial compliance" as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute."[30] The Court found that the patient had failed to satisfy any of the three prerequisites for business address service provided in section 60-304.[31] In addition, the Court stressed the

---

[25] *Fisher v. DeCarvalho*, 298 Kan. 482, 490 (2013).

[26] *Id.* at 483.

[27] *Id.* at 483-84.

[28] *Id.* at 484.

[29] *Id.* at 487-88.

[30] *Id.* at 490.

[31] The Court approvingly cited the Court of Appeals' description of the statutory steps that should be followed to effect service by return receipt delivery at an individual's business address. *Id.* at 489 ("[A]n individual may only be served at a business address by certified mail if the following conditions have been satisfied: (1) the plaintiff first attempts to serve the individual by return receipt delivery at the individual's dwelling house or usual place of abode; (2) the plaintiff files a return on service indicating that delivery at the individual's dwelling house or usual place of abode was refused or unclaimed; and (3) the certified mail is then sent to the business address via restricted delivery.").

importance of serving the defendant or the defendant's authorized agent. The Court stated that "the legislature intended that, where service is made on an individual by return receipt delivery to a business address, actual service on the defendant or his or her authorized agent is an essential matter that is necessary to assure the objective that the individual receive appropriate notice."[32] For these reasons, the court held that the patient's method of service did not substantially comply with section 60-304.[33]

The facts in *Fisher* are similar to the case at hand. The issue is whether Plaintiff substantially complied with section 60-304. Plaintiff attempted to serve Sanchez on October 28, 2013 via certified mail addressed to Sanchez's place of business.[34] Plaintiff did not first attempt to serve Sanchez at his dwelling house or usual place of abode, nor did Plaintiff file a return on service indicating that delivery at Sanchez's dwelling house or usual place of abode was refused or unclaimed. The certified mail that went to Sanchez's business address was signed by Carrie Heminson, not Sanchez.[35] There is no evidence Heminson was authorized to accept service of process on Sanchez's behalf. Therefore, it is clear that Plaintiff did not restrict delivery of the certified mail addressed to Sanchez's business address to the addressee only. In short, Plaintiff failed to perform any statutory prerequisites for business address service as provided by section 60-304.[36]

---

[32] *Id.* at 491-92.

[33] *Id.* at 492.

[34] Doc. 9-1, at 44.

[35] Doc. 9-1, at 44.

[36] *See* Kan. Stat. Ann. § 60-304(a).

For these reasons, the Court finds that Plaintiff failed to substantially comply with section 60-304 by addressing service to Sanchez's business address and, as a result, Sanchez was not properly joined in this action. Therefore, Sanchez's absence from Diversified's Notice of Removal does not render the removal improper.[37]

Because the Court finds that Diversified's Notice of Removal was timely and no other parties were required to join the filing, Plaintiff's Motion to Remand is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of April, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[37] *Id.*; *see also Green*, 318 F.3d at 470.